IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON DARRYL PRUITT, | ) | |
| Plaintiff, | ) | Case No. 16 CV 11442 |
| | ) | |
| v. | ) | Hon. Thomas M. Durkin |
| | ) | |
| CHICAGO POLICE SGT. R. DOLAN (#2451), | ) | |
| AND CHICAGO POLICE EMPLOYEE H.M. | ) | |
| ROUNDTREE, (PCOC912), | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16, and

Attorney Robert W. Maucker
6904 W. Cermak Road
Berwyn, Illinois
708-233-3815

having appeared as counsel for plaintiff, and

Mary Katherine McClelland
Assistant Corporation Counsel
Scott A. Cohen
Assistant Corporation Counsel Supervisor
Iris Y. Chavira
Assistant Corporation Counsel
Federal Civil Rights Litigation Division
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois, 60602
312-742-0333

having appeared as counsel for defendants, the following actions were taken:

**Plaintiff's Proposed:**

(1)    This is an action for relief under 42 U.S.C.A. §1983, seeking damages for the

1

deprivation of a federally protected right by an individual under color of state law, the jurisdiction of the court being invoked thereunder, as well as under 28 U.S.C. §1331 and 28 U.S.C. §1343 because the matters in controversy arise under the United States Constitution and the Reform Act, 42 U.S.C. §1997(e)(a).

**Defendants' Proposed:**

This is an action for alleged violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983. Jurisdiction of the court is invoked under 28 U.S.C. §§ 1331 and 1343. Jurisdiction is not disputed.

(2)     The following stipulations and statements were submitted and are attached to and made a part of this Order:

(a)     a comprehensive Statement of Uncontested Facts;

**Plaintiff's Proposed:**

1.     That on the morning of June 5, 2015, Plaintiff exited the CTA Blue Line train at the Cicero Station.
2.     That Sgt. Dolan and Officer Finnegan detained Plaintiff while Plaintiff was walking toward the platform exit.
3.     That Sgt. Dolan was dressed in a white shirt.
4.     That Plaintiff was placed under arrest.
5.     That Plaintiff was handcuffed behind his back, and while neither officer patted him down, his pockets were searched and the contents replaced.
6.     That Plaintiff was carrying a bag which was taken from him and which Sgt. Dolan carried as Plaintiff was escorted to the exit.
7.     That Plaintiff had in his possession a paper cup which contained a quantity of change.
8.     That Officer Finnegan returned to the interior of the train with the train operator.
9.     That Sgt. Dolan, alone with Plaintiff, began to escort Plaintiff toward the exit ramp.
10.    That CTA video FCRL #323 ends as Sgt. Dolan and Plaintiff begin to walk toward the exit with Sgt. Dolan, walking on the left next to the train, holding Plaintiff by Plaintiff's left arm and carrying Plaintiffs bag in his left hand.*
11.    That CTA video FCRL #322 begins as Sgt. Dolan and Plaintiff come into view walking beside the train, with Sgt. Dolan walking on the right with Plaintiff walking next to the train, holding Plaintiff by Plaintiffs right arm and carrying the Plaintiff's bag in his right hand.
12.    That Plaintiff, while escorted by Sgt. Dolan in FCRL #322, appears to be limping and stumbling as he walks.
13.    That as he and Sgt. Dolan continue toward the exit, Plaintiff collapses to his left and into the open train door.
14.    That Sgt. Dolan and Officer Bertrand drag Plaintiff out of the train.
15.    That while on the ground, Plaintiff kicks his legs against the ground.
16.    That upon being helped to his feet, Plaintiff jumps into the air.

17. That Sgt. Dolan and Officer Bertrand escort Plaintiff up the exit ramp, at which point FCRL #322 ends.

\* Note that in terms of the actual sequence of these videos, the numbering is in reverse order, the events depicted in #323 having occurred before those depicted in #322.

**Objections:** Defendants object to all of the foregoing proposed stipulations (numbered 1through 17) on the grounds that the Plaintiff's proposed stipulations are irrelevant, cumulative, and violate the best evidence rule.

**Defendants' Proposed:**

The parties stipulate to the authenticity and the foundation of Chicago Transit Authority videos designated Plaintiff's Exhibit 1 and Plaintiff's Exhibit 2 for identification.

(b) an Agreed Description of the Case;

**Plaintiff's Proposed:**

That after having been arrested on the CTA Blue Line Cicero platform by Sgt. Dolan and Officer Finnegan, Plaintiff was handcuffed behind his back while his pockets were searched. Finnegan left the scene. Dolan escorted Plaintiff to the exit ramp, and while off-camera, conducted a pat-down of Plaintiff's person, intentionally striking Plaintiff with great force between the legs, twice, driving Plaintiff's testicles up and into his body cavity. Dolan's action resulted in a rearrangement of their relative positions, Dolan moving from Plaintiff's left side to Plaintiff's right side, leaving Plaintiff walking next to the train, which was still waiting at the station with its doors open. As Sgt. Dolan continued to escort Plaintiff toward the exit, now limping and stumbling as a result of his injuries, Plaintiff collapsed into an open train door and fell to the floor. Sgt. Dolan and Officer Bertrand dragged Plaintiff back onto the platform. While Plaintiff was lying on the platform he kicked his legs against the ground, and when Plaintiff was helped to his feet he jumped into the air in an effort to return his testicles to their original position by the impact of his landing. Sgt. Dolan and Officer Bertrand then escorted Plaintiff up the exit ramp to the waiting squad car. Plaintiff charges Sgt. Dolan with violation of his federally protected Fourth Amendment right to be free from the use of unnecessary force.

**Defendants' Proposed:**

The plaintiff in this case is Brandon Pruitt. The defendant in this case is Chicago Police Sergeant Robert Dolan. On June 25, 2015, Sergeant Dolan arrested on Plaintiff. Plaintiff claims that Sergeant Dolan used excessive force against him during the course of that arrest. Sergeant Dolan denies that excessive force was used against Plaintiff and denies all wrongdoing.

(c) a List of Exhibits as per Schedule C;

3

**Plaintiff's Proposed:**

1. The following exhibits were offered by plaintiff, received in evidence and marked as indicated:

> A. CTA videos, showing scenes of the CTA Blue Line Cicero stop platform and various shots of the interior of the train in which Plaintiff was riding on the morning of June 25, 2015, produced in discovery by Defendant, labeled FCRL 000322 through FCRL 000327. Plaintiff withdraws any former objections to the inclusion of FCRL 324 through 327.
>
> The individual videos are identified as follows:
>
> Video 1, Bates #000322 - CTA file name "SEX 25 Jun 15 Blueline Cicero (from train): video of the platform with initial encounter between Pruitt and the officers.
>
> Video 2, Bates #000323 - CTA file name: SEX 25 Jun 15 Blueline Cicero (fall into train): video of the platform showing Pruitt falling into the train.
>
> Video 3, Bates #000324 - CTA file name " SEX 25 Jun 15 Blueline Cicero RETRO 2634 C-31": interior shot of blueline train from the rear ceiling camera-Shows Pruitt enter the car with two cups in hands and walk toward the front.
>
> Video 4, Bates #000325 - CTA file name "SEX 25 Jun 15 Blueline Cicero RETRO 2634 C-32": Interior shot of Brown line train going outbound through the S curve stating at Wellington Station (apparently unrelated to Pruitt)
>
> Video 5, Bates #000326 - CTA file name "SEX 25 Jun 15 Blueline Cicero RETRO 2634 C-33": Interior shot of the blueline train from the front ceiling camera - Shows Pruitt walk forward and sit next to the woman.
>
> Video 6, Bates #000327 - CTA file name "SEX 25 Jun 15 Blueline Cicero RETRO 2634 C-34": Exterior camera from the front of the blueline train.

Plaintiff objects to the use of the word "SEX" in the titles to the videos as produced by the CTA, and urges that a neutral system of labeling be adopted by the court.

Plaintiff seeks to withdraw Paragraph 8 of his Motion *in Limine,* excluding evidence or other treatment of Exhibits 3, 4, 5, and 6. These videos are relevant in responding to any mention of the charges against Plaintiff, in particular, indecent exposure, a charge highly prejudicial to Plaintiff and which was never proven, which may be presented by defense in its treatment of the events transpiring before Plaintiff's arrest and after his removal from the cTA Blus Line Cicero stop platform. The witness list of the Defendants suggests an intention to present evidence far beyond the facts relevant to either prove or disprove the unnecessary use of

force against Plaintiff by Sgt. Dolan.

2. The following exhibits were offered by plaintiff and marked for identification. Defendant objected to their receipt in evidence on the grounds stated:

3. The following exhibits were offered by defendants, received in evidence and marked as indicated:

4. The following exhibits were offered by defendant and marked for identification. Plaintiff objected to their receipt in evidence on the grounds stated:

> On the assumption that Defendant will offer the CTA videos in evidence, Plaintiff objects to the use of the word "sex" in the titles to the videos as produced by the CTA, and urges that a neutral system of labeling by adopted by the court.

5. Non-objected-to exhibits are received in evidence by operation of this Order. However, in jury trials, exhibits that have not been explicitly referred to in testimony or otherwise published to the jury prior to the close off all evidence or in argument are not in evidence.

**Objections:** Defendants object to Plaintiff's Exhibits 3, 4, 5, and 6 for identification, as these Exhibits are irrelevant if, in fact, Plaintiff is dismissing the remaining count of false arrest.

**Defendants' Proposed:**

| For ID | Date | Bates Number | Description | Objection |
|---|---|---|---|---|
| A | 12/22/17 | FCRL 000001–FCRL 000002 | Certified Copy of Disposition Brandon Pruitt, 15121410301 | |
| B | 6/25/15 | FCRL 000077–FCRL 000081 | Arrest Report Pruitt, Brandon CB#19139496 | |
| C | 6/25/15 | FCRL 000082–FCRL 000082 | Booking Photos-Pruitt, Brandon CB#19139496 | |
| D | 6/25/15 | FCRL 000083–FCRL 000086 | Case Report-HY315079-Original | |
| E | 6/25/15 | FCRL 000087–FCRL 000089 | Case Report-HY315079-Supplementary | |
| F | 6/25/15 | FCRL 000096–FCRL 000097 | Inventory Sheet #13469315 | |
| G | 6/25/15 | FCRL 000098–FCRL 000098 | Prisoner Transportation Transmittal CB#19139496 | |
| H | 6/25/15 | FCRL 000099–FCRL 000100 | Tactical Response | |

5

|    |          |                         |                                                              |   |
|----|----------|-------------------------|--------------------------------------------------------------|---|
|    |          |                         | Report-HY315079-Robert Dolan Emp. #48156                     |   |
| I  | 1/3/18   | FCRL 000153–FCRL 000154 | Chain of Custody-Inventory #13469315                         |   |
| J  | 6/25/15  | FCRL 000203–FCRL 000209 | Arrestee Property Logs-Unit 015                              |   |
| K  | 6/25/15  | FCRL 000213–FCRL 000218 | Daily Prisoner Inspection Logs-Unit 015                      |   |
| L  | 6/25/15  | FCRL 000219–FCRL 000226 | Supervisor's Management Logs-Unit 015                        |   |
| M  | 6/25/15  | FCRL 000227–FCRL 000229 | Watch Incident Logs-Unit 015                                 |   |
| N  | 6/25/15  | FCRL 000238–FCRL 000240 | OEMC Event Queries-Police                                    |   |
| O  | 12/22/17 | FCRL 000243–FCRL 000250 | Criminal History Report-Pruitt, Brandon IR#1332701           |   |
| P  | 6/25/15  | FCRL 000322–FCRL 000322 | Video 1                                                      |   |
| Q  | 6/25/15  | FCRL 000323–FCRL 000323 | Video 2                                                      |   |
| R  | 6/25/15  | FCRL 002261–FCRL 002265 | Unit Query 1510 (2018-04-19)                                 |   |
| S  | 6/25/15  | FCRL 002266–FCRL 002272 | Unit Query 1513 (2018-04-19)                                 |   |
| T  | 6/25/15  | FCRL 002273–FCRL 002284 | Unit Query 1533 (2018-04-19)                                 |   |
| U  | 6/25/15  | FCRL 002285–FCRL 002291 | Unit Query 1543 (2018-04-19)                                 |   |
| V  | 8/15/16  | FCRL 002292–FCRL 002292 | Facebook August 15, 2016                                     |   |
| W  | 8/19/16  | FCRL 002293–FCRL 002293 | Facebook August 19, 2016 (cont)                              |   |
| X  | 8/19/16  | FCRL 002294–FCRL 002294 | Facebook August 19, 2016                                     |   |
| Y  | 1/18/19  | ECF No. 76              | Fourth Amended Complaint                                     |   |
| Z  | 5/15/18  |                         | Plaintiff's Answers to Interrogatories                       |   |
| AA | 9/7/18   |                         | Plaintiff's Verification to Interrogatories                  |   |
| BB | 1/23/19  |                         | Certified Conviction of Brandon Pruitt in 14 CR 1654901      |   |

6

| CC | 1/23/19 | | Certified Conviction of Brandon Pruitt in 16CR1327601 | |
|----|---------|--|------|--|

**Plaintiff's Objections:**
Plaintiff objects to all of Defendants' exhibits with the exception of Exhibit P and Exhibit Q, the CTA videos showing the exchange between Sgt. Dolan and Plaintiff on the CTA Blue Line Cicero stop platform on the morning of June 25, 2015. Plaintiff objects on the grounds that inasmuch as the issue in this trial is the unnecessary use of force by Sgt. Dolan against Plaintiff Brandon Pruitt, the balance of the defense exhibits are off-point and irrelevant. Any events taking place after Mr. Pruitt's arrest on the CTA platform can have no bearing on the single issue of this case: the violation of Plaintiff's constitutional right to be free from the unnecessary use of force. The court-related activity prior to Plaintiff's court appearances and the disposition of the charges set against Plaintiff are irrelevant for the same reason. Subsequent reports, none of which mention even the possibility of undue force, shed no light on the matter, nor do any after-the-fact musings on Facebook by Plaintiff. And as argued in Plaintiff's Response to Defendants' Motion *in Limine*, Plaintiff's criminal history will be more prejudicial than probative on the issue of Sgt. Dolan's treatment of the Plaintiff.

**Defendants' Response:** Defendants have listed items that reflect prior admissions by the Plaintiff, items that may used to refresh the recollection of defense witnesses, items that they intend to use for impeachment under Rule 609, and items that are relevant to Plaintiff's damages.

(d) by each party, a List of Witnesses, with objections if any;

1. The following witnesses were offered by plaintiff:

   A. Mr. Brandon Darryl Pruitt, 11001 S. Wentworth, Chicago, Illinois, 60628. (312) 4098802.

   **Objections:** None

2. The following witnesses were offered by defendants:

   (a) witnesses who will be called to testify at trial:

   1. Defendant Robert Dolan, may be contacted through defense counsel only. Defendant Dolan may have knowledge of the events that are the subject of this lawsuit, including the arrest of Plaintiff, his observation of and contact with the Plaintiff on the date of Plaintiff's arrest, as well as any reports he authored or assisted in authoring, or reviewed, his training and experience, and his personal assets and liabilities, should Plaintiff seek an award of punitive damages. Defendant Dolan is expected to testify consistently with any deposition, if taken,

in this case.

2. Officer Brian Finnegan, may be contacted through defense counsel only. Officer Finnegan may have knowledge of the events that are the subject of this lawsuit, including the arrest of Plaintiff, his observation of and contact with the Plaintiff on the date of Plaintiff's arrest, as well as any reports he authored or assisted in authoring, or reviewed, and his training and experience. Officer Finnegan is expected to testify consistently with any deposition, if taken, in this case.

3. Officer Jeffrey Bertrand, may be contacted through defense counsel only. Officer Bertrand may have knowledge of the events that are the subject of this lawsuit, including the arrest of Plaintiff, his observations of and contact with the Plaintiff on the date of Plaintiff's arrest, as well as any reports he authored or assisted in authoring, or reviewed, and his training and experience. Officer Bertrand is expected to testify consistently with any deposition, if taken, in this case.

4. Defendant Detention Aide Horace Roundtree, may be contacted through defense counsel only. Defendant Roundtree may have knowledge of the events that are the subject of this lawsuit, including the arrest of Plaintiff, his observation of and contact with the Plaintiff on the date of Plaintiff's arrest, as well as any reports he authored or assisted in authoring, or reviewed, his training and experience, and his personal assets and liabilities, should Plaintiff seek an award of punitive damages. Defendant Roundtree is expected to testify consistently with any deposition, if taken, in this case.

(b) witnesses who may be called to testify at trial:

Sergeant J.J. Raffae, may be contacted through defense counsel only. Sgt. Raffae may have knowledge of the events that are the subject of this lawsuit, including the arrest of Plaintiff, his observations of the Plaintiff, as well as any reports he authored or assisted in authoring, or reviewed, including the Arrest Report and Tactical Response Report, and his training and experience. Sgt. Raffae is expected to testify consistently with any deposition, if taken, in this case.

Captain David Harris, may be contacted through defense counsel only. Capt. Harris may have knowledge of the events that are the subject of this lawsuit including the arrest of Plaintiff, his observations of the Plaintiff, as well as any reports he authored or assisted in authoring, or reviewed, including the Tactical Response Report, and his training and experience. Capt. Harris is expected to testify consistently with any deposition, if taken, in this case.

Officer Chester Bromby, may be contacted through defense counsel only. Officer Bromby may have knowledge of the events that are the subject of this lawsuit, including the arrest of Plaintiff, his observation of and contact with the Plaintiff, as well as any reports he authored or assisted in authoring, or reviewed, and his training and experience. Officer Bromby is expected to testify consistently with

any deposition, if taken, in this case.

Officer S.P. Smith, may be contacted through defense counsel only. Officer Smith may have knowledge of the events that are the subject of this lawsuit, including the arrest of Plaintiff, his observations of the Plaintiff, as well as any reports he authored or assisted in authoring, or reviewed, and his training and experience. Officer Smith is expected to testify consistently with any deposition, if taken, in this case.

Sergeant Jason Lieblick, may be contacted through defense counsel only. Sgt. Lieblick may have knowledge of the events that are the subject of this lawsuit, including the arrest of Plaintiff, his observations of the Plaintiff, as well as any reports he authored or assisted in authoring, or reviewed, and his training and experience. Sgt. Lieblick is expected to testify consistently with any deposition, if taken, in this case.

Officer George Moussa, may be contacted through defense counsel only. Officer Moussa may have knowledge of the events that are the subject of this lawsuit including the arrest of Plaintiff, his observations of the Plaintiff, as well as any reports he authored or assisted in authoring, or reviewed, and his training and experience. Officer Moussa is expected to testify consistently with any deposition, if taken, in this case.

Sergeant E. Escalante, may be contacted through defense counsel only. Sgt. Escalante may have knowledge of the events that are the subject of this lawsuit, including the arrest of Plaintiff, his observations of the Plaintiff, as well as any reports he authored or assisted in authoring, or reviewed, including the Arrest Report, and his training and experience. Sgt. Escalante is expected to testify consistently with any deposition, if taken, in this case.

Eric Weathers, Chicago Transit Authority, 567 W. Lake Street, Chicago, Illinois 60661. Mr. Weathers may have knowledge of the events that are the subject of this lawsuit, including the arrest of Plaintiff, and his observations of and contact with the Plaintiff on the date of Plaintiff's arrest.

Charisse Davis, Chicago Transit Authority, 567 W. Lake Street, Chicago, Illinois 60661. Ms. Davis may have knowledge of the events that are the subject of this lawsuit, including the arrest of Plaintiff, and her observations of and contact with the Plaintiff on the date of Plaintiff's arrest.

James Higgins, Chicago Transit Authority, 567 W. Lake Street, Chicago, Illinois 60661. Mr. Higgins may have knowledge of the events that are the subject of this lawsuit, including the arrest of Plaintiff, and his observations of and contact with the Plaintiff on the date of Plaintiff's arrest.

Representative of the Chicago Police Department, may be contacted through the

City of Chicago Department of Law. This individual will lay the foundation for and/or testify to the authenticity of certain documents and recordings produced in the course of discovery including, but not limited to, police reports, in-car video, photographs, relevant individuals' criminal backgrounds, and rap sheets.

Representative of the Office of Emergency Management and Communications (OEMC), may be contacted through the City of Chicago Department of Law. A City of Chicago OEMC representative will be called to lay a foundation for all records of the Office of Emergency Management and Communications produced in this case including, but not limited to, event queries, unit queries, police dispatch and 911 tapes, transcriptions, etc.

Representative of the Cook County Clerk's Office, 50 W. Washington Street, Chicago, Illinois 60602, to lay foundation for and/or testify to relevant individuals' criminal proceedings including, but not limited to, the disposition of criminal proceedings and criminal convictions.

(c) There are no witnesses whose testimony the defendants will present by deposition or other prior testimony.

**\*Plaintiff's Objections:**
Plaintiff Objects to Horace Roundtree as Witness:
Plaintiff's Motion in Limine, in asking for the dismissal of Horance Rountree eliminates Roundtree from the case, and Defendants don't object. In terms of Sgt. Dolan's alleged use of unnecessary force, Mr. Roundtree has no evidence to offer.

Plaintiff Objects to Sergeant J.J. Raffae, Captain David Harris, Officer Chester Bromby, Officer S.P. Smith, Sergeant Jason Lieblick, Officer George Moussa, Sergeant E. Escalante, James Higgins, as witness, all on the basis that none were present at the CTA Blue Line Cicero Stop when the events in question occurred, and none can have evidence concerning Sgt. Dolan's use of unnecessary force upon the Plaintiff.

Plaintiff Objects to Representative of the Office of Emergency Management and Communications (OEMC), because the events leading up the arrest of Plaintiff are not germane to the issue central to this case, and Representative of the Cook County Clerk's Office, because events transpiring after Sgt. Dolan's indiscretion are not relevant to this case.

(e) There are no expert witnesses associated with this case.

(f) A. The deposition of BRANDON PRUITT, called for examination, taken before KIMBERLY WINKLER CHRISTOPHER, CSR No. 084-002752, a Certified Shorthand Reporter of the State of Illinois, at 2600 North Brinton Avenue, Dixon, Illinois, on the 3rd day of August, A.D. 2018, at 11:50 a.m.

Plaintiff:
Plaintiff does not anticipation reading any portions of his deposition into evidence.

      **Objections:** None

      **Defendants' Proposed:** None.

(g)    An Itemized Statement of Damages:

Plaintiff claims damages in the amount of $50,000.00 for pain and suffering due to the injuries inflicted upon his person by Sgt. Dolan, and for the humiliation and depression which he subsequently suffered, and to this day continues to suffer.

(h)    Jury Trial

    i.    The parties do not require trial briefs.

    ii.    See Exhibit A for a list of Proposed Jury Instructions; and

    iii.    See Exhibit B for a list of the questions the parties request the court to ask prospective jurors in accordance with Fed. R. Civ. P. 47(a).

(i)    Plaintiff asserts that he has completed discovery. Defendants assert that they have completed discovery.

(j)    Summaries of the Motions *in Limine*:

    (i)    **Plaintiff's summary**: Plaintiff moves to exclude evidence prejudicial to Plaintiff, including all references to indecent exposure and related behavior, all references to the train operator's accounts of various witnesses reporting such purported conduct, references to Plaintiff's subsequent prosecution on charges of indecent exposure, any references to settlement, Plaintiff's pecuniary status, and the appropriateness of Plaintiff's demand for damages.

    **Objections:** Defendants are in agreement with Plaintiff's Motions *in Limine* Numbers 1, 2, 8, and 9, but maintain their objections to Plaintiff's other motions *in limine* as argued in the Defendants' Joint Response to Plaintiff's Motions *in Limine*.

    (ii)    **Defendants' summary**:

1. Bar Generalized Evidence of Police "Code of Silence"
2. Bar Reference to Other Publicized Events Concerning Allegations of Police Misconduct
3. Bar Any Testimony, Evidence, Argument, or Innuendo that Defendants Dolan or Roundtree, or Any City Employee, Violated Chicago Police Department General Orders, Rules and regulations
4. Bar Any Testimony, Evidence, Argument, or Innuendo that any Non-

11

    Defendant Police Officers Engaged in Misconduct
5. Bar Any Evidence or Suggestion that the City Improperly Trains, Disciplines, or Investigates Misconduct of Officers or has Improper Policies and Procedures
6. Bar Any Evidence of Pending or Past Civilian Complaints, Lawsuits, and Employee or Other Disciplinary Proceedings Against Chicago Police Personnel
7. Bar Any Testimony or Evidence regarding Indemnification by the City of Chicago
8. Bar Any Reference to Punishing or Sending a Message to the City
9. Bar Any Implication or Testimony that Chicago Police Department Personnel are Being Paid by the City to Appear in Court and Testify and that They Spent Time with an Attorney to Prepare for Trial
10. Bar Attorneys from Speaking with any Witness about his or her trial testimony while that Witness is Still under Oath to Provide Sworn Testimony
11. Bar Any testimony or Argument Regarding Settlement
12. Bar Any Evidence or Reference that COPA, Investigated this Incident
13. Bar Any Argument that Defendants have Delayed the Trial or that Plaintiff has Waited a Long Time for Trial
14. Bar Any Argument or Inference that Defendants Allegedly Failed to Call any Witnesses
15. Bar Any Testimony by Plaintiff Regarding His Fear of Police or Negative Past Experiences with Police Officers
16. Bar Any Mention that Defense Attorneys Work for the City of Chicago
17. Permit Testimony, Evidence and argument Regarding Plaintiff's Previous Felony Convictions

**\*Plaintiff's Objections:** Plaintiff does not object to Paragraphs 1, 2, 3, 4, 5, 6, 8, 9, 10, 11. 12. 13. 14. 15.

Pursuant to Plaintiff's Response to Defendants' Motion *in Limine*--
Plaintiff objects to Paragraphs No. 7 and 16 as follows: Plaintiff objects on the grounds that to obscure from the jury the fact that the Defendants are either represented by or indemnified by the City of Chicago is disingenuous, suggesting and perpetrating a falsehood, not in the interest of the proper administration of justice nor the elimination of prejudice against the Defendants, but alone for the self-serving purpose of minimizing any damages awarded to the Plaintiff which would be payable out of what might be perceived as the deep pockets of the City, a subject upon which the jury may be cautioned;

Plaintiff objects to Paragraph No. 17 as follows: Plaintiff objects to the admission of such testimony as overwhelmingly prejudicial, inasmuch as from the Defendants' point of view there is no reason for the inclusion of Plaintiff's past felonies EXCEPT to cause undue prejudice to the Plaintiff. Plaintiff's two convictions are not in any way related to the events of June 25, 2015, nor is the fact that Plaintiff has a record in

      any way germane to the beating he received as the hands of Sgt. Dolan. Plaintiff conducted himself during the said incident as a reasonable, law-abiding citizen, without objection or resistance to his arrest and subsequent treatment, and should not be subjected to irrelevant preconceptions concerning his character or credibility, particularly since evidence of his treatment which will corroborate his testimony was captured on video tape. The danger of unfair prejudice does in this case substantially outweigh the value of the admission of Plaintiff's prior felony convictions, and that information should be barred.

(k)    Not applicable.[1]

(l)    Plaintiff's Motions *in Limine* Numbers 1 and 2 request the dismissal of Count I as to Defendant Robert Dolan and Count II as to Defendant Horace Roundtree. Defendants continue to assert all of the affirmative defenses in their Joint Answer to Plaintiff's Third Amended Complaint, and anticipate the filing of an Answer to Plaintiff's Fourth Amended Complaint with Affirmative Defenses on or before January 31, 2019.

(m)    Not applicable.

(3)    Trial of this case is expected to take 3 days. It will be listed on the trial calendar, to be tried when reached.

(4)    Trial shall be by: Jury

(5)    The parties recommend that 12 jurors be selected at the commencement of trial.

(6)    The parties agree that the issues of liability and damages should not be bifurcated for trial. On motion of any party or on motion of the court, bifurcation may be ordered in either a jury or a non-jury trial.

(7)    The parties do not consent to this case being reassigned to a magistrate judge for trial.

(8)    This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(9)    Possibility of settlement of this case was considered by the parties.

_____

Thomas M. Durkin

---

[1] Pursuant to Local Rule, sections (k) through (m) are not required in this matter, as the Court has not explicitly ordered the inclusion of these sections.

13

United States District Judge

Date: _____


s/s Robert W. Maucker
Attorney for Plaintiff
Robert W. Maucker, Of Counsel
THOMAS W. LYNCH & ASSOC, P.C.
9231 S. Roberts Road
Hickory Hills, Illinois 60457
(708) 598-5999
ARDC No. 6194247


/s/ Mary Katherine McClelland
Mary Katherine McClelland
Assistant Corporation Counsel
Scott A. Cohen
Assistant Corporation Counsel Supervisor
Iris Y. Chavira
Assistant Corporation Counsel
Federal Civil Rights Litigation Division
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois, 60602
(312) 742-0333
Kate.McClelland@cityofchicago.org
Scott.Cohen@cityofchicago.org
Iris.Chavira@cityofchicago.org
Atty No. 6315564

14